## CIRCUIT COURT OF HENRICO COUNTY

ACE Electric Co., Inc.

v.

Advance Technologies, Inc.,
James Erik Butler,
ADVTEC, Inc.,
and DeAnne Butler

April 29, 2011

Case No. (Civil) CL09-971

BY JUDGE GARY A. HICKS

This matter came to be heard on March 8, 2011, for trial. The Court has considered the pleadings, the exhibits, the testimony, and the arguments of counsel. For the following reasons, the Court grants judgment for Plaintiff against Erik Butler and will enter an order finding for Defendants DeAnne Butler and ADVTEC, Inc.

*Background*

The background facts underlying this claim are not in dispute. In the spring of 2007, Trent Construction Company brought on Plaintiff ACE Electric Company ("ACE") as a subcontractor to perform work on boiler operations at the University of Richmond. Thereafter, ACE entered into an agreement with Defendant Advance Technologies, Inc. ("Advance") to retain Advance's services as a sub-subcontractor. At this point, ACE issued a purchase order to Advance for it to supply goods and services to Plaintiff.

ACE terminated Advance from the University of Richmond job in May 2008. On August 5, 2008, Advance ceased all operations. (See Plaintiff's Exhibit 3.) The present suit was filed on April 8, 2009. On December 8, 2009, a default judgment Order was entered against Advance in the amount of $137,454.28, plus $289.00 in costs. ACE was unable to recover any of this amount from Advance.

ACE seeks to pierce the corporate veil of Advance and hold its sole shareholder, officer, and director, Erik Butler, liable. Further, ACE claims that a company created by Erik Butler's wife DeAnne Butler after the termination of Advance's corporate existence was a "sham corporation." Erik Butler's wife, DeAnne, is the sole officer, shareholder, and director of this corporation, known as ADVTEC, Inc. ACE claims that ADVTEC was fraudulently created to avoid the debts of Advance and seeks to recover its judgment against Advance from ADVTEC. ACE also seeks to pierce the corporate veil of ADVTEC to hold DeAnne Butler liable for the debts owed to it by Advance.

The Amended Complaint contained four counts and sought judgment from each Defendant, Advance, Erik Butler, ADVTEC, and DeAnne Butler, in the amount of $197,704.28 plus interest and costs.

## Analysis

Piercing the corporate veil is an extraordinary remedy that is infrequently granted. "The proposition is elementary that a corporation is a legal entity separate and distinct from the shareholders or members who compose it. This immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept." *Beale v. Kappa Alpha Order*, 192 Va. 382, 397, 64 S.E.2d 789 (1951). A decision to refuse to recognize this immunity constitutes an "extraordinary exception" to be permitted only when it becomes necessary to promote justice. *Id.*

In deciding whether to pierce the corporate veil on Advance as to Erik Butler, the Virginia Supreme Court has laid out various factors for trial courts to consider.

> The trial court properly recognized that disregarding the corporate entity is usually warranted only under the extraordinary circumstances where the shareholders sought to be held personally liable [have] controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individuals no longer exist and to adhere to that separateness would work an injustice.

*Dana v. 313 Freemason, A Condo. Ass'n*, 266 Va. 491, 587 S.E.2d 548 (2003) (citing *O'Hazza v. Executive Credit Corp.*, 246 Va. at 115 (1993)). In this case, the evidence is sufficient to pierce the corporate veil as to

Erik Butler. By his own admission, Erik Butler failed to uphold corporate formalities such as conducting annual meetings and maintaining separate corporate record books. In addition, Mr. Butler testified to entering into a major contract with ACE for the Richmond Boiler project while having only $10,000 to $15,000 in the bank and owing back taxes and payments to the Internal Revenue Service, the Virginia Department of Taxation, and the Virginia Employment Commission. Because Advance was so grossly undercapitalized at the time it entered into the Richmond Boiler Contract with ACE, it would work a profound injustice to allow Mr. Butler to escape liability for repaying this debt.

However, the Court heard no evidence that would lead to a judgment greater than the default judgment order against Advance entered on December 8, 2009. Therefore, the Court will enter judgment against Erik Butler in the amount of $137,454.28, plus $289.00 in costs on Count II of the Amended Complaint.

In addition to seeking judgment against Erik Butler, ACE seeks a reverse piercing of the corporate veil as to ADVTEC and DeAnne Butler. The Supreme Court of Virginia has held, "We conclude that there is no logical basis upon which to distinguish between a traditional veil piercing action and an outsider reverse piercing action." *C. F. Trust, Inc. v. First Flight, L.P.*, 266 Va. 3, 11, 580 S.E.2d 806 (2003). "When determining whether *reverse* piercing of a limited partnership is appropriate, a court must consider the same factors . . . that this Court considers when determining whether *traditional* veil piercing should be permitted. *Id.* at 12. "[A] litigant who seeks reverse veil piercing must prove the necessary standards by clear and convincing evidence." *Id.* at 13.

There is some evidence to support ACE's contention that ADVTEC was created for the purpose of allowing Erik Butler to continue his business while shedding Advance's many debts. DeAnne Butler admitted that her educational background and employment experience has been in the field of catering and hospitality management. In addition, it was not disputed that the work of ADVTEC and Advance is essentially the same. Though DeAnne Butler claimed the company was created to facilitate the repayment of loans she had made to Advance, no clear documentation was offered at trial to support this contention.

Though ACE's evidence, taken alone, creates a suspicion that ADVTEC is nothing more than the alter ego of Advance, ACE did not prove its case by the requisite standard of clear and convincing evidence. The testimony offered by Erik and DeAnne Butler was that DeAnne was the ultimate decision maker of the company. ACE did not refute DeAnne and Erik Butler's testimony that Erik worked as an unpaid consultant and did not receive a paycheck from the company.

DeAnne Butler testified that the reason she created ADVTEC was to help recoup unpaid loans she had made to Advance over the course of

several years. Though DeAnne Butler did not provide loan contracts or other documentation as to repayment terms or loan conditions, the Court accepts Ms. Butler's testimony that she expected Advance to repay this money. Further, the undisputed evidence showed that ADVTEC did not retain any of Advance's employees and that Erik Butler did not have the authority, in his capacity as an unpaid consultant, to engage in contracts on behalf of ADVTEC. As a result, the evidence offered at trial is insufficient to grant judgment for ACE with regard to ADVTEC and DeAnne Butler.

For the forgoing reasons, the Court finds in favor of ACE on Count 11 of the Amended Complaint and grants judgment against Erik Butler in the amount of $137,454.28, plus costs of $289.00. Count I was already dispensed with by default judgment on December 8, 2009. The Court finds for ADVTEC and DeAnne Butler with regard to Counts III and IV, respectively.